OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the plaintiff for a judgment of arrears of child support and for an income deduction order will be denied, without costs, and without prejudice to renewal on sufficient papers.
By Laws of 1985 (ch 809) the method by which maintenance and support orders are enforced was drastically altered. Previously a request for arrears was addressed to the court and, in an appropriate case, a wage deduction order could issue under Personal Property Law § 49-b. Under the new system the attorney can issue an execution for support enforcement when a debtor has fallen more than three payments behind. This execution can be served upon an employer for the same purpose as the former wage deduction order. The new CPLR 5242 permits a court to issue an income deduction order for support enforcement but only "for good cause shown”.
In the court’s view one of the purposes of the change in the law was to place the obligation, in the first instance, upon the judgment creditor’s counsel to take the statutory steps to recover arrears and enforce the support order. Judicial intervention should only be required when the judgment creditor *253 has not been able to obtain relief after following the procedure of CPLR 5241. The language "for good cause shown” in CPLR 5242 is construed to require a showing that the judgment creditor has attempted to use the self-enforcement procedure of CPLR 5241 before requesting judicial intervention. This plaintiff has not done so and her motion will be denied for that reason.